## H. P. MORANCY *v.* POLICE JURY OF MADISON.

*Held:* that the Police Jury of the Parish of Madison was liable under their ordinance of the 3d of January 1850, for work done on the requisition of the Levee inspector, by a front proprietor on his own Levee.

The prescription of one year, under Article 3499, applies to the action of workmen, laborers and servants for their wages, and not to an action for specific work, or work done by the job, whether under a contract or on a *quantum meruit*, and materials furnished for such work.

The claim being under the ordinance there can be no recovery unless the ordinance be complied with. SLIDELL, C. J., and SPOFFORD J., dissenting.

APPEAL from the District Court of the Parish of Carroll, *Snyder, J. Short* and *Parham*, for plaintiff and appellant. *A. R. Hynes*, for defendant.

VOORHIES, J. The plaintiff instituted this action against the Police Jury of Madison to recover the sum of $602 50, besides interest, being the alleged value of the work done by his slaves, and hands hired by him to that effect, upon the Levee, fronting on the Mississippi. The defendant, besides the general issue, filed a plea of prescription.

The record shows that the services were rendered, and the value of the work done is correctly set up by the plaintiff.

The only questions presented for adjudication, are, whether the defendants are liable for that debt, and, in that Court, whether the claim is or not barred by the peremptory exception set up by the defendant.

The 10th section of an ordinance of the Police Jury of the Parish of Madison, passed the 3d January, 1850, provides, that "all front proprietors who may erect levees after the date hereof, and previous to any contract with the levee commissioners, on a route to be approved by them, shall be paid therefor, in a reasonable sum to be determined by said commissioners." In June of the same year this ordinance was repealed.

It was upon the requisition of the levee inspector that the plaintiff rendered the services, the value of which is now sued for: It is clear to our minds, under the circumstances of this case, that the Police Jury of Madison must be held liable for the plaintiff's demand. They were invested with the power by a legislative act of the 3d January, 1850, to pass that ordinance, the first and seventh sections of which provide as follows, viz: "1st. that an *ad valorem* tax be annually levied on the amount of the State tax for the erection of levees on the Mississippi river, *throughout this parish.*" 7th. "that an *ad valorem* tax of one hundred and fifty per cent. on the State tax of 1849, on all property in this parish, be assessed and collected by the parish collector as a special levee fund, for the year 1850 ; provided said tax shall be collected on or before the first day of January 1851."

As the plaintiff had to bear his proportion of this heavy burden, it would be manifestly inequitable to impose upon him the additional one of constructing the levee on his own plantation.

·The prescription of one year, on which the defendants rely, is applicable to the "action of workmen, laborers and servants for their wages," (C. C. 3499,) and not to an action for specific work, or work done by the job, whether under a contract or on a *quantum meruit,* and the materials furnished for such work." 19 L. 413.

It is therefore ordered and decreed that the judgment of the District Court be avoided and reversed, and that the plaintiff recover of the defendants the sum of six hundred and two dollars, with legal interest from judicial demand— the costs of both Courts to be taxed.

SLIDELL, C. J. (with whom concurred SPOFFORD, J.) The claim seems to be made under the ordinance, and there is no allegation that the work was required by a sudden emergency, or that it has benefited the parish to the amount claimed. The claim being under the ordinance, it seems to me it cannot be recovered unless the ordinance was complied with.

I think the judgment below should be affirmed.